Rodríguez, Recurrente, v. El Registrador de San Germán,
Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán denegatoria de la inscripción de una escritura de compraventa.

No. 502.—Resuelto en julio 26, 1921.

Identidad de Personas Según la Escritura y Según el Registro—Defecto Subsanable—Estado Civil Diferente Según el Registro.—Bajo el estado civil de soltero, "A" inscribió una finca en el registro en julio 1, 1911, cuando realmente era viudo desde 1896. Vendió "A" la finca en 1913 consignando que era viudo y el registrador negó la inscripción de la venta porque a su juicio existían motivos para suponer que el vendedor era persona distinta del que aparecía en el registro como dueño. *Se resolvió:* que el registrador debió a lo sumo calificar la contradicción como defecto subsanable porque ella por sí sola no era bastante para fundar la conclusión siendo idénticos los nombres y revelando toda la documentación que se trataba de una misma persona. La circunstancia de ser soltero o viudo el vendedor al adquirir la finca no influía pues en ambos casos podía transmitir por sí solo su derecho.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. B. Forés.*

El registrador recurrido no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

En el Registro de la Propiedad de San Germán se presentó para su inscripción una escritura otorgada ante notario público el 24 de septiembre de 1913 por la cual Vicente Rodríguez y Pagán vendió a Juan Rodríguez una finca rústica, y el registrador se negó a inscribirla porque resultando del registro que "Vicente Rodríguez Pagán adquirió dicha finca siendo soltero por compra en 1°. de julio de 1911 a Soledad Rodríguez, justificando su posesión * * * cuya posesión tiene inscrita, y de la escritura relacionada aparece que el vendedor Vicente Rodríguez Pagán es de estado viudo, el cual adquirió en el año 1896 según se acredita con la mencionada certificación, (de defunción de Natalia Mercado), existe sobrado motivo para suponer que dicho vendedor es

persona distinta de la que aparece con derecho a transmitir en el registro.''

No conforme el comprador interpuso el presente recurso gubernativo alegando, en resumen, que tratándose simplemente de un error común en nuestros campesinos de decir que son solteros cuando su matrimonio queda disuelto, y hallándose suficientemente identificada la persona del vendedor, no debió haber el registrador negado la inscripción solicitada.

Es un hecho que la contradicción existe. Si el vendedor en 1896 quedó viudo, no podía ser soltero en 1911 ni en 1913, pero a nuestro juicio no sólo la identidad de nombre, sino la de edad y vecindad, nos llevan a la conclusión de que se trata de la misma persona. Siendo ello así, el registrador no debió haber negado la inscripción solicitada. A lo sumo, pudo hacer resaltar la contradicción, pero limitándose a consignarla como un defecto subsanable. No había envuelta cuestión de gananciales. A los efectos del dominio pleno para trasmitir los bienes íntegramente, lo mismo daba que el vendedor los hubiera adquirido siendo soltero que siendo viudo. Si de la certificación hubiera constado que la esposa del vendedor había muerto después del 1 de julio de 1911 en que el vendedor adquirió la finca, habiéndose celebrado el matrimonio en o antes de esa fecha, entonces dicha finca tendría la presunción legal de gananciales y la negativa, en cuanto a la mitad por lo menos, estaría bien fundada. Pero ese no es el caso. La esposa murió en 1896 y siendo viudo, en 1911, fué que el vendedor adquirió la finca.

Por las razones expuestas procede revocar la nota recurrida y ordenar la inscripción solicitada.

*Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.